William D. Hyslop
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-00195-WFN-1 |
| Plaintiff, | |
| v. | PLAINTIFF'S SENTENCING MEMORANDUM |
| JOSEPH MARTIN GONZALES, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire, Assistant United States Attorney, submits the following sentencing memorandum:

I. STATEMENT OF FACTS

On January 4, 2018, SA Weekes used the law enforcement version of BitTorrent to establish a single-source connection with IP 73.254.50.91 and initiated a download, resulting in the download of 9 partial & complete video files; 7 were viewable, and all 7 depicted children involved in sexually explicit conduct. One of the partial videos contained a 35-second segment, which depicted a pre-pubescent Asian female (approximately 10-13 yoa) with long black hair tied into a pony tail with a yellow ribbon. The girl is crouching in a ball on a bed, completely

PLAINTIFF'S SENTENCING MEMORANDUM - 1

naked. A naked adult male walks to the side of the bed and motions for the girl to come over to him; at his direction, the girl then conducts oral sex on the adult male's penis.

On February 6, 2018, SA Weekes issued a summons to Comcast requesting subscriber information for IP 73.254.50.91. On February 7, Comcast responded and provided that the subscriber was JOSEPH MARTIN GONZALES, at a specific address in Spokane Valley, Washington. On February 12, 2018, SA Weekes traveled to 15620 East Valleyway and stood in the stairwell of Gonzales' apartment building to establish that all of the wireless networks in the area were password secured.

On April 9, 2018, SA Weekes again established a single-source connection with IP 73.254.50.91 and initiated a download, resulting in a download of 23 partial and complete video files (18 viewable) and 16 complete image files. Of these, 10 videos and 9 images depicted children involved in sexually explicit conduct. One of the 10 viewable video files is a 1 minute and 31 second segment, which depicts a pre-pubescent female, approximately 10-12 yoa, who has wavy brown hair and is wearing a blue and green floral dress. The girl is dancing in front of a video camera, pulls down the top of her dress and rubs her breasts, then sits on a desk, pulls up her dress, spreads her legs, and exposes her vagina. She rubs her vagina with her right hand, gets off the desk, leans in to the camera, and exposes her breasts again.

On May 11, 2018, SA Weekes again established a single-source connection with IP 73.254.50.91, initiated a download, and successfully downloaded 48 partial & complete videos, 41 of which were viewable. Of the 41 viewable videos, 30 constitute federal child pornography. One video, which was 3 minutes and 50 seconds long, depicted a pre-pubescent female, approximately 10-12 yoa, with short blonde hair. In the video, the girl is completely naked and kneeling on the

PLAINTIFF'S SENTENCING MEMORANDUM - 2

floor in front of an adult male as she masturbates his penis with both hands while conducting oral sex.

On May 17, 2018, HSI Spokane executed a federal search warrant on Gonzales' residence and seized one homemade desktop computer, two cell phones, three flash drives, three digital memory cards, 29 miscellaneous CDs/DVDs, 17 miscellaneous VHS tapes, and one internal computer hard drive.

When interviewed, Gonzales said he lives at alone at his apartment, subscribes to Comcast internet, and has a secure wireless network named "Hal 9000." Gonzales said he is the sole user of his desktop computer, and he has used uTorrent for approximately ten years.

SA Weekes reviewed the image and video files extracted from Gonzales' computer and 2 phones and found 3,227 images and 327 videos that show prepubescent and often early pubescent aged minors engaged in sexual acts or whose genitals are displayed. Gonzales downloaded the child pornography beginning January 19, 2018, through May 17, 2018, when the search warrant was executed.

II.     SENTENCING CALCULATIONS AND PSIR OBJECTIONS

The government agrees Defendant's offense level is 26, Criminal History Category is I, and Guideline provision is therefore 63-78 months. The government has no objections to the Presentence Investigation Report (PSIR), which also includes the victim impact statements and restitution requests. ECF No. 53-1.

III.    SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

//
//

PLAINTIFF'S SENTENCING MEMORANDUM - 3

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The circumstances of the offense involve Defendant's sexual interest in children and his willingness to act on his sexual interest in children through receiving child pornography and, by using file sharing software, distributing the same. ECF No. 53 at ¶ 29.

The images Defendant maintained included prepubescent children. ECF No. 53 at ¶ 28. Defendant possessed over 3,227 child pornography images and 327 videos. ECF NO. 53 at ¶ 31.

In evaluating the nature and circumstances of the offense, the government asks the Court to consider the victim impact statements (attached to the PSIR) from some of the victims portrayed in images Defendant possessed.

In one such statement an adoptive mother details how her boys were removed from their biological parents, pursuant to charges of neglect, and placed in foster care where they were sexually abused and images were made of that sexual abuse. ECF No. 53-1 at 3 of 353. Defendant was in possession of some of those images of that abuse. The adoptive mother explains, "Every time a deranged pervert posts and reposts these graphic images of ours sons, our nightmare occurs again and again. For I know that someone is deriving sick sexual pleasure from viewing pictures of my sons being raped." ECF No. 53-1 at 4 of 353. One the children who was portrayed in that series of images writes, "When a market exists for child pornography it will continue. I am constantly victimized knowing the awful truth that I can never escape these photos or the people that profit from them both sexually and monetarily." ECF No. 53-1 at 8 of 353.

Another parent details how her child, abused from ages 4 to 7, is terrified of encountering those who have seen her abuse, fearful of being recognized everywhere she goes. ECF No. 53-1 at 10 of 353. The same mother had indicated

PLAINTIFF'S SENTENCING MEMORANDUM - 4

in an earlier impact statement that the family had received hundreds of victim notification letters indicating more of her child's images had been found. ECF No. 53-1 at 11 of 353.

In another statement, the mother of the child details how receipt of the images generates more production. ECF No. 53-1 at 35 of 353. She says her daughter's images were "made for trade," and the abuser would adapt his abuse to whatever his "audience" was looking to view. ECF No. 53-1 at 35 of 353. The distress to the victim-child resulted in falling behind in school, distrusting any touch to include from her own mother, and hating being called "pretty." ECF No. 53-1 at 36 of 353. She talks about how her child, unfortunately, came to learn people (like Defendant) saw the pictures of her abuse as something to enjoy rather than abhor. ECF No. 53-1 at 36 of 353.

In another statement the mother of a victim details how she came to learn, in the child pornography trade, what you have to trade is your currency. To get more child pornography and better child pornography, one needs to trade and share. This system resulted in the photos of her daughter being abused being circulated all over the internet. ECF No. 53-1 at 41 of 353. She details the sad realization that the photos, once transmitted on the internet, can never be retrieved. ECF No. 53-1 at 41 of 353.

In another statement, a victim herself notes how she continues to be impacted knowing, "some sick person is looking at me on the computer everyday." ECF No. 53-1 at 43 of 353. She goes on to state something that should be obvious, "I am a real person." ECF No. 53-1 at 43 of 353.

Another victim details concerns from the child pornography trade, indicating because the photos taken of her were circulated she worries that other pedophiles could be in her neighborhood or otherwise around her, resulting in her largely staying in her home. ECF No. 53-1 at 50 of 353. She explains every time she gets

PLAINTIFF'S SENTENCING MEMORANDUM - 5

word another person has been found with the pictures she feels like the person who has been found with them is the one who hurt her to begin with. ECF No. 53-1 at 50 of 353. She makes clear anyone looking at the photos is abusing the children depicted therein. ECF No. 53-1 at 50 of 353.

Another victim yells, "I THINK ABOUT THE CHILD PORNOGRAPHY EVERY DAY! There is not one day that goes by that I don't think, with hatred, about the sick and disgusting people who view, trade, save and "get off" on my abuse when I was just a little kid and couldn't defend myself. It is sickening." ECF No. 53-1 at 56 of 353.

Another mother talks about fear that her child will be recognized by those who downloaded images of her abuse. ECF No. 53-1 at 58 of 353. She details her daughter does not want to be defined as a victim, but she can never put the crime in the past, because—with the trade of child pornography—the crime is always ongoing. ECF No. 53-1 at 58 of 353. In the addendum to her statement, she talks about "ongoing abuse" and having a victimized daughter who does not want to exist anymore. ECF No. 53-1 at 62 of 353.

Another mother discusses her victimized daughter wanting to alter her appearance, so those who have seen the images of her abuse will not recognize her. ECF No. 53-1 at 69-70 of 353. She discusses how the acts of ingesting and disseminating the images have rendered her child powerless. ECF No. 53-1 at 72 of 353.

Another child victim, now an adult details how each time her images are viewed, she is forced to relive the most horrific part of her childhood, and as a result, she cannot heal. ECF No. 53-1 at 77 of 353. Another now adult victim also speaks to how the public nature of her private hell has continued to impact her life. ECF No. 53-1 at 87 of 353. She writes about how the abuse at the hands of her

PLAINTIFF'S SENTENCING MEMORANDUM - 6

abuser is over but those that download the images are all around and that will go on forever.  No. 78-1 at 90 of 353.

    2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The government asks that the Court accept the plea agreement and sentence Defendant to imprisonment for five (5) years.  As the Court is well aware, five years is the government's typical recommendation in child pornography cases and this is such a case.  The government does not believe a higher sentence is necessary. The government is asking for five years, or the same sentence the government has sought for similarly situated defendants.  The government is certainly also well aware that five years' imprisonment is a very significant amount of time, particularly for one without significant criminal history.  To be clear, however, as the victim impact statements reiterate again and again, this is a terribly serious crime, and the five years sought is absolutely necessary.

The government also asks the Court to order a 10 year term of supervised release.  Such a significant sentence is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.

    3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Defendant has no criminal history points.  However, he did accumulate a significant amount of child pornography, capturing the victimization of many children.  Counting each video as 75 images, Defendant had a total of 27,752 images of child pornography.

The government believes five years is a sufficient term of imprisonment to support deterrence, but the government also recommends a 10 year term of supervised release.

PLAINTIFF'S SENTENCING MEMORANDUM - 7

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

As has been detailed, Defendant's crime is serious. Defendant's demonstrated sexual interest in children makes him a real danger to the public.

The government maintains five (5) years imprisonment followed by 10 years of supervised release is sufficient, but not greater than necessary, and will protect the public from further crimes of Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant has not identified any needed educational or vocational training.

6. <u>The kinds of sentences available.</u>

Defendant is subject to a sentence involving a term of imprisonment.

7. <u>The kind of sentence contemplated by the Sentencing Guidelines.</u>

The Sentencing Guidelines contemplate a term of imprisonment.

8. <u>Any pertinent policy statements issued by the Sentencing Commission.</u>

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.</u>

Defendant is subject to a sentence similar to others similarly situated.

IV.    GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends the court impose a sentence of five (5) years imprisonment as well as a ten (10) year term of supervised release. The

//
//
//

PLAINTIFF'S SENTENCING MEMORANDUM - 8

government also asks for restitution on behalf of the victims. ECF No. 53 at ¶ 4, 87, 89.

Respectfully submitted this 28th day of April 2020.

William D. Hyslop
United States Attorney

*s/Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney

PLAINTIFF'S SENTENCING MEMORANDUM - 9

CERTIFICATION

I hereby certify that on April 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Colin G. Prince 10 North Post Suite 700 Spokane, WA 99201

*s/Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

PLAINTIFF'S SENTENCING MEMORANDUM - 10